Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
Grant A. Winter - 266329
ELLIS LAW GROUP, LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
asteinheimer@ellislawgrp.com
gwinter@ellislawgrp.com

Attorneys for
DEFENDANT COLLECTIBLES MANAGEMENT RESOURCES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN KATZAKIAN,<br><br>       PLAINTIFF,<br><br>v.<br><br>COLLECTIBLES MANAGEMENT<br>RESOURCES,<br><br>       DEFENDANT. | Fresno County Case No.: 12-CE-CL-05848<br>Eastern District Case No.<br><br>**NOTICE OF REMOVAL OF ACTION<br>UNDER 28 USC § 1441(a) (FEDERAL<br>QUESTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant COLLECTIBLES MANAGEMENT RESOURCES ("CMR") hereby removes, to this Court, the state court action described below:

      1.     On July 23, 2012, an action was commenced in Superior Court, State of California, County of Fresno, entitled SUSAN KATZAKIAN, Plaintiff, v. COLLECTIBLES MANAGEMENT RESOURCES, Defendant, case number 12CECL05848.

      2.     On or about September 12, 2012, CMR received the Summons and Complaint, attached hereto as **Exhibits 1** and **2**, respectively.

      3.     This Court has jurisdiction to hear this case because it is a civil action over which this Court has original jurisdiction pursuant to **28 U.S.C. § 1331**, and over which this Court has

- 1 -

1  supplemental jurisdiction pursuant to **28 U.S.C. § 1367**.  This case may be removed to this Court by

2  CMR pursuant to the provisions of **28 U.S.C. § 1441(a)** in that it arises under the federal Fair Debt

3  Collection Practices Act, **15 U.S.C. § 1692**, *et seq.*, and is transactionally related to claims pled which

4  arise under the Rosenthal Fair Debt Collection Practices Act, **California Civil Code § 1788,** *et seq.*

5

6

7  Dated: October 12, 2012

8                                ELLIS LAW GROUP, LLP

9  By _____

10                              Grant A. Winter
                                Attorney for Defendant
11                              COLLECTIBLES MANAGEMENT RESOURCES

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

# EXHIBIT 1


228578

| | SUM-100 |

# SUMMONS
## (CITACION JUDICIAL)

FILED
JUL 23 2012

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COLLECTIBLES MANAGEMENT RESOURCES

FILED
AUG 06 2012   FRESNO COUNTY SUPERIOR COURT
By_____ DEPUTY
FRESNO COUNTY SUPERIOR COURT
By_____
ZJY DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
SUSAN KATZAKIAN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of Fresno | CASE NUMBER: *(Número del Caso):* 1 2 CE CL 0 5 8 4 8 |

1130 O Street
Fresno, CA 93721

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

| DATE: *(Fecha)* AUG 06 2012 | Clerk, by *(Secretario)* ZJ YANG | , Deputy *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT
1

# EXHIBIT 2

Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
Suren N. Weerasuriya (278521)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
Attorneys for Plaintiff

**FILED**

JUL 23 2012

FRESNO COUNTY SUPERIOR COURT
By_____
DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF FRESNO
## LIMITED JURISDICTION

Case No.    1 2 CE CL 0 5 8 4 8

| | |
|---|---|
| SUSAN KATZAKIAN, | COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT |
| Plaintiff, | |
| vs. | (Amount not to exceed $10,000) |
| COLLECTIBLES MANAGEMENT RESOURCES, | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| Defendant. | 2. Violation of Fair Debt Collection Practices Act |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's

violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.*

(hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

(hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive,

deceptive, and unfair practices.

Complaint - 1

EXHIBIT
2
tabbies

## II. PARTIES

2.  Plaintiff, Susan Katzakian ("Plaintiff"), is a natural person residing in Fresno county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.  At all relevant times herein, Defendant, Collectibles Management Resources("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and REDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5.  Defendant reported Plaintiff's alleged outstanding debt as being delinquent, to the credit bureaus, in or around December 2011. Further, Defendant began contacting Plaintiff in or around late 2011 in attempting to collect the alleged outstanding debt; however, Plaintiff is informed and believes the debt does not actually belong to her, and despite the fact that she disputed the validity of the debt with Defendant, Defendant failed to inform the credit bureaus that the debt is in dispute.

6.  In attempting to collect the alleged outstanding debt which does not actually belong to Plaintiff, Defendant periodically called her and sent her collection letters, despite Plaintiff's efforts to dispute the debt with Defendant. Most notable was a collection letter sent

to Plaintiff on or about April 20, 2012, in which Defendant informed Plaintiff that that alleged outstanding debt is unpaid and has been reported to the credit bureaus as an unpaid collection.

7.      Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

   b) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

   c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

   d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

   e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d);

   f) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

   g) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8));

   h) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10)

   i) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5)).

8.      As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation,

embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

9.    Plaintiff reincorporates by reference all of the preceding paragraphs.

10.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.    Actual damages;
B.    Statutory damages for willful and negligent violations;
C.    Costs and reasonable attorney's fees; and
D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

11.    Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.    Actual damages;
B.    Statutory damages;
C.    Costs and reasonable attorney's fees; and,
D.    For such other and further relief as may be just and proper.

Complaint - 4

PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this July 18, 2012.

By: _____

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I, Sharon Silva, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 740 University Avenue, Suite 100, Sacramento, CA 95825.

On October 12, 2012, I served the following document(s) on the parties in the within action:

**NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (FEDERAL QUESTION)**

|   |   |
|---|---|
|   | ~~VIA ELECTRONIC SERVICE: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following:~~ |
| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
|   | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
|   | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
|   | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Todd Friedman<br>Nicholas Bontrager<br>Suren Weerasuriya<br>Law Offices of Todd Friedman<br>369 S. Doheny Drive<br>Suite 415<br>Beverly Hills, CA 90211 | Attorneys for<br>PLAINTIFF SUSAN KATZAKIAN |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on October 12, 2012.

By: _____
Sharon Silva

- 3 -