Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
Attorneys for Plaintiff

# UNITED STATED DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN KATZAKIAN, <br><br> Plaintiff, <br><br> vs. <br><br> COLLECTIBLES MANAGEMENT RESOURCES, <br><br> Defendant. | Case No. 1:12-cv-01677-LJO-SKO <br><br> **FIRST AMENDED COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

First Amended Complaint - 1

## II. PARTIES

2. Plaintiff, SUSAN KATZAKIAN ("Plaintiff"), is a natural person residing in Fresno county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, COLLECTIBLES MANAGEMENT RESOURCES, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt stemming from personal medical treatment and/or services allegedly rendered.

5. In or around November/December of 2011, Defendant began contacting Plaintiff in an attempt to collect an alleged debt originally owed to "Troxell & Mohr Reedley."

6. Defendant contacted Plaintiff both by telephone and via postal mail in connection with the collection of the alleged debt.

7. On or about December 1, 2012, Defendant reported the alleged debt on Plaintiff's individual consumer credit report with at least one (1) credit reporting bureau.

8. On several occasions, Plaintiff answered Defendant's collection call and informed Defendant that Plaintiff disputes the alleged debt as the medical treatment in question

is related to her workman's compensation claims and thus are not immediately owed by her pending the results of her compensation claims.

9.  Plaintiff also instructed Defendant to cease placing any and all collection calls to her regarding the alleged debt.

10. Despite having been notified that Plaintiff disputes the alleged debt and did not wish to receive any further collection calls, Defendant continued to place collection calls to Plaintiff directly seeking to collect the alleged debt.

11. Despite having been notified that Plaintiff disputes the alleged debt, Defendant failed to update its reporting of the alleged debt on Plaintiff's credit report as "disputed."

12. On or about April 20, 2012, approximately four (4) months after having been notified of Plaintiff's dispute of the alleged debt, Defendant sent a written collection demand to Plaintiff via postal mail which informed Plaintiff that the alleged debt had been reported to the credit bureaus and have a negative effect on her FICO score.

13. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

    b) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

    c) Communicating or threatening to communicate credit information which is known or which should be known to be false, including failing to report a disputed debt as such to any credit reporting agency (§1692e(8));

    d) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10)

14. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;

    B.    Statutory damages for willful and negligent violations;

    C.    Costs and reasonable attorney's fees,

    D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;

    B.    Statutory damages;

First Amended Complaint - 4

C.   Costs and reasonable attorney's fees; and,

D.   For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Respectfully submitted this 5th day of November, 2012.

By:   <u>/S/ Todd M. Friedman</u>
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorneys for Plaintiff

# PROOF OF SERVICE

I, Todd M. Friedman, state the following:

I am employed in Los Angeles, California; I am over the age of 18 and am not a party to this action; my business address is 369 S. Doheny Dr., Ste. 415, Beverly Hills, CA 90211.  On November 5, 2012, I served the following documents:

**Plaintiff's First Amended Complaint**

On the parties listed below:

Mark Ellis
Andrew Steinheimer
Grant Winter
Ellis Law Group, LLP
Attorneys for Defendant

By the following means of service:

[X]   **BY ELECTRONIC CASE FILING:** I filed the submitted the document listed above via the court's Electronic Case Filing (ECF) system which provides electronic mail (email) service of the listed document directly to the party listed above to his/her "email address of record."

[X]   **STATE:** I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on November 5, 2012, at Beverly Hills, California.

By: /s/ Todd M. Friedman
Todd M. Friedman