1

2

3

4

5

6

7

8

9

10

11

12              **IN THE UNITED STATES DISTRICT COURT**

13          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

14

15

16   SUSAN KATZAKIAN,                          CASE NO. CV F 12-1677 LJO SKO

                    Plaintiff,                 **ORDER ON DEFENDANT'S F.R.Civ.P. 12**
17                                             **MOTION TO DISMISS FAC**
         vs.                                   (Doc. 13.)
18
     COLLECTIBLES MANAGEMENT
19   RESOURCES,

20                  Defendant.

21   _____ /

22                              **INTRODUCTION**

23       Defendant Collectibles Management Resources ("CMR") seeks to dismiss as conclusory and

24   improperly pled plaintiff Susan Katzakian's ("Ms. Katzakian's") debt collection practices claims.  Ms.

25   Katzakian responds that her operative First Amended Complaint ("FAC") alleges facts "that more than

26   adequately support her claims for relief."  This Court considered CMR's F.R.Civ.P. 12(b)(6) motion to

27   dismiss on the record and VACATES the January 9, 2013 hearing, pursuant to Local Rule 230(g).  For

28   the reasons discussed below, this Court DISMISSES Ms. Katzakian's debt collection practices claims.

                                            1

# BACKGROUND[1]

## CMR's Debt Collection

CMR is a debt collector and contacted Ms. Katzakian at "various and multiple times" "to collect an alleged outstanding debt stemming from personal treatment and/or services allegedly rendered."  In November/December 2011, CMR began to contact Ms. Katzakian by telephone and postal mail regarding an alleged debt owed to Troxell & Mohr Reedley.  On December 1, 2011, CMR reported the alleged debt on Ms. Katzakian's consumer credit report to at least one credit reporting bureau.[2]

Ms. Katzakian answered CMR's collection call and informed CMR that Ms. Katzakian disputes the debt as the medical treatment was in connection with her workers' compensation claim and not owed pending resolution of her workers' compensation claims.  Ms. Katzakian instructed CMR to cease collection calls but CMR continued to do so and failed to update the alleged debt as "disputed" on Ms. Katzakian's credit report.

On April 20, 2012, four months after it was notified of Ms. Katzakian's dispute, CMR sent by postal mail a collection demand to inform Ms. Katzakian that her alleged debt had been reported to credit bureaus and would have a negative effect on her credit score.

## Ms. Katzakian's Claims

The FAC alleges that CMR violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et al.,[3] and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code, §§ 1788, et seq., by:

1.  Engaging in conduct to harass, oppress or abuse Ms. Katzakian (section 1692d);

2.  Representing falsely the character, amount or legal status of Ms. Katzakian's debt (section 1692e(2)(A));

3.  Communicating or threatening to communicate credit information which is known or

---

[1]  The factual recitation is derived generally from Ms. Katzakian's FAC, the target of CMR's challenges.

[2]  CMR notes that the FAC refers to December 1, **2012** as the date on which CMR reported the debt.  Ms. Katzakian explains that December 1, **2012** is a typographical error and that the correct date is December 1, **2011**.

[3]  All further statutory references will be to the FDCPA, Title 15 of the United States Code, unless otherwise noted.

1    which should be known to be false, including failing to report a disputed debt to any

2    credit reporting agency (section 1692e(8); and

3    4.    Using false representations and deceptive practices in connection with collection of an

4    alleged debt (section 1692e(10)).

5                                          **DISCUSSION**

6                          **F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

7    CMR seeks to dismiss the FDCPA and RFDCPA claims as "bare legal conclusions, virtually

8    devoid of any supporting factual allegations" to rise to FDCPA or RFDCPA violations.

9    "When a federal court reviews the sufficiency of a complaint, before the reception of any

10   evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether

11   a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

12   claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development

13   Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either

14   a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

15   theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of

16   Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).  A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency

17   of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

18   In addressing dismissal, a court must:  (1) construe the complaint in the light most favorable to

19   the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff

20   can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.,* 80

21   F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as true allegations that

22   are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead

23   Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  A court "need not

24   assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v.

25   Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and must  not "assume that the [plaintiff] can prove

26   facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been

27   alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*,

28   459 U.S. 519, 526, 103 S.Ct. 897 (1983).  A court need not permit an attempt to amend if "it is clear that

1   the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney,*

2   *Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

3          A plaintiff is obliged "to provide the 'grounds' of his 'entitlement to relief' [which] requires

4   more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

5   do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations

6   omitted).   Moreover, a court "will dismiss any claim that, even when construed in the light most

7   favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan*

8   *Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, a complaint "must contain

9   either direct or inferential allegations respecting all the material elements necessary to sustain recovery

10  under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers,*

11  *Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

12         In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court

13  explained:

14                 . . . a complaint must contain sufficient factual matter, accepted as true, to "state
              a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the
15            plaintiff pleads factual content that allows the court to draw the reasonable inference that
              the defendant is liable for the misconduct alleged. . . . The plausibility standard is not
16            akin to a "probability requirement," but it asks for more than a sheer possibility that a
              defendant has acted unlawfully.  (Citations omitted.)

17

18         After discussing *Iqbal*, the Ninth Circuit summarized: "In sum, for a complaint to survive

19  [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be

20  plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d

21  962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

22         The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

23                 First, the tenet that a court must accept as true all of the allegations contained in
              a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of
24            a cause of action, supported by mere conclusory statements, do not suffice. . . .  Second,
              only a complaint that states a plausible claim for relief survives a motion to dismiss. . .
25            . Determining whether a complaint states a plausible claim for relief will . . . be a
              context-specific task that requires the reviewing court to draw on its judicial experience
26            and common sense. . . . But where the well-pleaded facts do not permit the court to infer
              more than the mere possibility of misconduct, the complaint has alleged – but it has not
27            "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

28         In keeping with these principles a court considering a motion to dismiss can

4

1    choose to begin by identifying pleadings that, because they are no more than conclusions,
2    are not entitled to the assumption of truth. While legal conclusions can provide the
     framework of a complaint, they must be supported by factual allegations. When there are
3    well-pleaded factual allegations, a court should assume their veracity and then determine
     whether they plausibly give rise to an entitlement to relief.

4    *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

5            With these standards in mind, this Court turns to CMR's challenges to the FAC.

6                                     **Harassment Or Abuse**

7            To prevail on a FDCPA claim, a plaintiff must prove that (1) he/she was the object of collection

8    activity arising from consumer debt, (2) the defendant is a debt collector within the meaning of the

9    statute, and (3) the defendant engaged in a prohibited act or omission under the FDCPA.  *Krasnor v.*

10   *Spaulding Law Office*, 675 F.Supp.2d 208, 211 (D. Mass.2009).

11           The FAC purports to allege a claim under section 1692d, which prohibits a debt collector to

12   "engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

13   connection with the collection of a debt."

14           CMR faults the FAC's absence of facts of CMR's specific conduct, the "natural consequence of

15   which was to harass, oppress or abuse."   CMR explains that the FAC fails to support a claim of

16   continuing contact and debt collection attempts after Ms. Katzakian disputed the debt.  CMR challenges

17   the FAC's "failure to specify what conduct constitutes the alleged violations."

18           Ms. Katzakian responds that the FAC "clearly indicates that she is alleging claims for violations

19   of the FDCPA" which are established by FAC allegations that CMR violated the FDCPA.   Ms.

20   Katzakian relies on FAC allegations that:

21           1.      In November or December 2011, CMR began telephoning Ms. Katzakian to collect a

22                   debt;

23           2.      CMR began to report the alleged debt to at least one credit reporting agency near

24                   December 1, 2011;

25           3.      Ms. Katzakian answered CMR's telephone calls, informed CMR that the debt was

26                   disputed and requested CMR to cease communication with her in that the medical

27                   treatment related to her workers' compensation claim; and

28           4.      CMR continued to make collection calls and failed to update credit reporting to indicate

1        the debt was disputed.

2        Section 1692g(a)(3) and (5) require that within five days of initial communication with a

3  consumer, a debt collector send the consumer written notice containing "a statement that unless the

4  consumer, within thirty days after receipt of the notice, disputes the validity of the debt . . ., the debt will

5  be assumed to be valid" and "a statement that, upon the consumer's written request within the thirty-day

6  period, the debt collector will provide the  consumer with the name and address of the original creditor,

7  if different from the current creditor."  Section 1692g(b) addresses disputed debts and provides:

8        If the consumer notifies the debt collector **in writing** within the thirty-day period . . . that
         the debt . . . is disputed . . . the debt collector shall cease collection of the debt . . . until
9        the debt collector obtains verification of the debt or a copy of a judgment, or the name
         and address of the original creditor, and a copy of such verification or judgment, or name
10       and address of the original creditor, is mailed to the consumer by the debt collector.
         Collection activities and communications that do not otherwise violate this subchapter
11       may continue during the 30-day period referred to in subsection (a) of this section unless
         the consumer has notified the debt collector **in writing** that the debt . . . is disputed . . .
12       (Bold added.)

13       CMR summarizes that section 1692g(b) authorizes continued debt collection unless a consumer

14  disputes in writing during the 30-day period.  CMR notes the FAC's absence of facts that Ms. Katzakian

15  disputed the debt in writing or within specified time in that the FAC attributes to her only an oral

16  telephone communication to dispute the debt and does not indicate the date of the oral telephone

17  communication.

18       CMR continues that section 1692d(1)-(6) list prohibited collection conduct, none of which

19  prohibit or address "the practice of continuing collection efforts after a debtor has disputed the debt"

20  because section 1692g(b), not section 1692d, addresses "conduct after receiving a dispute notification."

21  CMR argues that since section 1962g(b) regulates debt collection after a debt dispute, section 1692g(b)

22  "permits the conduct that is alleged in the FAC, namely that CMR continued collection efforts."  CMR

23  concludes that acts in compliance with one FDCPA section "are presumptively not in violation of other

24  sections." *See Renick v. Dun & Bradstreet Receivable Management Services*, 290 F.3d 1055, 1057-1058

25  (9th Cir. 2002).

26       Ms. Katzakian offers no meaningful opposition to CMR's points regarding section 1962g

27  continuing debt collection.  Ms. Katzakian merely recites FAC allegations and fails to demonstrate how

28  they support section 1692d violations or that CMR violated section 1962g.  The FAC merely alleges Ms.

1  Katzakian's telephone dispute of the debt with no reference to a written response. The FAC lacks a

2  viable section 1962d claim.

### Communicating Credit Information

4          CMR challenges a section 1692e(8) claim in the absence of supporting facts.

5          Section 1692e(8) prohibits "[c]ommunicating or threatening to communicate to any person credit

6  information which is known or which should be known to be false, including the failure to communicate

7  that a disputed debt is disputed." "[I]f a debt collector elects to communicate 'credit information' about

8  a consumer, it must not omit a piece of information that is always material, namely, that the consumer

9  has disputed a particular debt." *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008).

10         CMR surmises that the FAC bases a section 1692e(8) claim on CMR's failure to report to credit

11 reporting agencies that the debt was disputed. CMR disputes a section 1692e(8) claim in the absence

12 of facts "that CMR ever even reported her debt to a credit reporting agency." *Wilhelm*, 519 F.3d at 418

13 (plaintiff "presented no evidence that Credico communicated any credit information to Pinnacle").

14         CMR further challenges the FAC's claim that on April 20, 2012, four months after having been

15 notified of Ms. Katzakian's dispute, CMR mailed Ms. Katzakian a collection demand to note reporting

16 of the debt to credit bureaus. CMR argues that such claim is not actionable in that section 1692e(8) sets

17 no deadline to report a disputed debt and that a delay of several months to report a debt as disputed does

18 not support a section 1692e(8) claim. *See Gostony v. Diem Corp.,* 320 F.Supp.2d 932, 942 (D. Az.

19 2003) (delay from October to January to report debt as disputed did not support section 1692e(8) claim).

20 CMR concludes that a section 1692e(8) claims fails in absence of facts that CMR reported the debt to

21 credit agencies or reported untimely the debt as disputed.

22         Ms. Katzakian responds that the FAC alleges that CMR was informed on several occasions that

23 Ms. Katzakian disputed the debt and failed to report the debt as disputed. Ms. Katzakian points to FAC

24 allegations that CMR delayed four months to update credit reporting after CMR was informed that Ms.

25 Katzakian disputed the debt.

26         At best, the FAC superficially alleges that CMR reported the debt. The FAC lacks facts to

27 identify the credit reporting agencies which received CMR's report. The FAC offers no facts that CMR

28 delayed to report the debt as disputed in that the FAC merely alleges that four months after Ms.

1  Katzakian informed CMR of the disputed debt, CMR mailed to Ms. Katzakian a collection demand to

2  inform that the debt had been reported to unidentified credit bureaus.  The FAC lacks sufficient facts to

3  support a section 1692e(8) claim.

4  **False Or Misleading Representations**

5        CMR challenges the absence of facts of false or misleading representations to support violations

6  of sections 1692e(2)(A) and 1692e(10).

7        Section 1692e(2)(A) prohibits a false representation of "the character, amount, or legal status on

8  any debt."  Section 1692e(10) prohibits "use of any false representation or deceptive means to collect

9  or attempt to collect any debt or to obtain information concerning a consumer."

10        CMR notes the absence of liability for continued debt collection under sections 1692e(2)(A) and

11  1692e(10) in that section 1692g(b) permits continued debt collection unless a consumer provides a

12  written dispute notice within section 1692g(a)'s 30-day period. CMR points to the absence of facts of

13  Ms. Katzakian's written notice in that the FAC references her telephone communications.  CMR

14  concludes that section 1692e claims based on continued collection efforts fail given the FAC's

15  insufficient facts.

16        Ms. Katzakian concedes that she lacks section 1692e(2)(A) and 1692e(10) claims and withdraws

17  them.  As such, the FAC's section 1692e(2)(A) and 1692e(10) claims are dismissed with prejudice.

18  **RFDCPA Claims**

19        CMR notes the absence of a viable RFDCPA claim in that the FAC alleges no precise RFDCPA

20  violation.  CMR seeks dismissal of a purported RFDCPA claim in the absence of "notice concerning

21  what conduct was allegedly violative" in the absence to reference to a specific RFDCPA section.

22        Ms. Katzakian responds that CMR's FDCPA claims "are automatic violations of the RFDCPA."

23  Ms. Katzakian points to California Civil Code section 1788.17, which provides that "every debt collector

24  collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b

25  to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United

26  States Code."  As a fellow district court explained:

27        California has not somehow expanded the scope of federal liability under the FDCPA
         through Cal. Civ.Code § 1788.17. Instead, California simply incorporated by reference

28        the text of certain federal provisions into the CFDCPA, rather than copying them

8

1    verbatim into the California code. Any resulting liability, however, remains a state claim.

2    *Alkan v. Citimortgage, Inc.*, 336 F.Supp.2d 1061, 1065 (N.D. Cal. 2004); *Edstrom v. All Services and*

3    *Processing*, 2005 WL 645920, at \*5 (N.D. Cal. 2005) ("defendant's violations of section 1692g of the

4    FDCPA also constitute violations of RFDCPA").

5        Although Ms. Katzakian may be correct that an FDCPA violation equates to an RFDCPA claim,

6    the FAC lacks an underlying FDCPA.  As such, the FAC lacks a viable RFDCPA claim.

7                                    **CONCLUSION AND ORDER**

8        Out of an abundance of caution, this Court grants Ms. Katzakian an opportunity to amend the

9    section 1692d, section 1692e(8) and corresponding RFDCPA claims only and to add no other claims.

10   For the reasons discussed above, this Court:

11       1.    DISMISSES without prejudice and with leave to amend the FAC's section 1692d,

12             section 1692e(8) and corresponding RFDCPA claims;

13       2.    DISMISSES with prejudice the FAC's section 1692e(2)(A), 1692e(10) and

14             corresponding RFDCPA claims;

15       3.    ORDERS Ms. Katzakian, no later than January 18, 2013, to file and serve either: (a) a

16             second amended complaint in compliance with this order and which is limited to section

17             1692d, section 1692e(8) and corresponding RFDCPA claims; or (b) a statement that Ms.

18             Katzakian elects not to proceed with this action; and

19       4.    ORDERS CMR, no later than February 8, 2013, to file and serve a response to the second

20             amended complaint if Ms. Katzakian elects to file one.

21       IT IS SO ORDERED.

22   **Dated:    January 4, 2013           /s/  Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE
23

24

25

26

27

28

                                             9