**Todd M. Friedman (216752)**
**Nicholas J. Bontrager (252114)**
**Suren N. Weerasuriya (278512)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@attorneysforconsumers.com**
**nbontrager@attorneysforconsumers.com**
**sweerasuriya@attorneysforconsumers.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SUSAN KATZAKIAN,**<br><br>Plaintiff,<br><br>vs.<br><br>**COLLECTIBLES MANAGEMENT RESOURCES,**<br><br>Defendant.<br>_____ | Case No. 1:12-cv-01677-LJO-SKO<br><br>**SECOND AMENDED COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

Second Amended Complaint - 1

### III.  PARTIES

3. Plaintiff, Susan Katzakian ("Plaintiff"), is a natural person residing in Fresno county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Collectibles Management Resources, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

### IV.  FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of Plaintiff's initial complaint, Defendant contacted Plaintiff in connection with its attempts to collect an alleged outstanding debt stemming from personal medical treatment and/or services allegedly rendered.

6. Specifically, beginning in and/or around November/December of 2011, Defendant began contacting Plaintiff in an effort to collect the alleged debt originally owed to "Troxell & Mohr Reedley."

7. On December 1, 2011, Defendant reported the alleged debt on Plaintiff's Experian credit report.  The credit reporting submitted by Defendant stated an alleged past due balance of $1,320.00 and the "Account Type" as "Collection Department/Agency/Attorney."

8. In addition to reporting the alleged debt on Plaintiff's Experian credit report, Defendant also contacted Plaintiff via telephone and postal mail demanding payment for the alleged debt owed.

9. On several occasions from December 2011 through April 2012, Plaintiff answered Defendant's collection calls and spoke with Defendant's agent.

10. During these conversations, Plaintiff informed Defendant that she disputes the alleged debt as the medical services/treatment in question pertain to her workman's compensation claims and do not require her immediate payment.

11. During these conversations, Plaintiff also repeatedly informed Defendant that she did not wish to receive any collection calls and demanded that Defendant cease placing collection calls to her.

11. Despite being notified on several occasions that Plaintiff did not wish to receive any collection calls regarding the alleged debt, Defendant continued to place collection calls to Plaintiff seeking and demanding payment.

12. Despite being notified on several occasions that Plaintiff disputed the allege debt, as of April 16, 2012, Defendant failed to update Plaintiff's Experian credit report to indicate Plaintiff's dispute.

13. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

    b) Communicating or threatening to communicate credit information which is known or which should be known to be false, including failing to report a disputed debt as such to any credit reporting agency (§1692e(8)); and

    c) Failure to comply with the provisions of Sections 1692b to 1692j, inclusive, of, Title 15 of the United States Code statutory regulations contained within the FDCPA (Cal. Civ. § 1788.17).

14. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Actual damages;

    B. Statutory damages;

    C. Costs and reasonable attorney's fees; and,

    D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. Further, *§1788.17* of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to

1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA.

18. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

   A. Actual damages;

   B. Statutory damages for willful and negligent violations;

   C. Costs and reasonable attorney's fees,

   D. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 18th day of January, 2013.

By: /s/ Todd M. Friedman
**Todd M. Friedman (216752)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**

**PROOF OF SERVICE**

I, Todd M. Friedman, state the following:

I am employed in Los Angeles, California; I am over the age of 18 and am not a party to this action; my business address is 369 S. Doheny Dr., Ste. 415, Beverly Hills, CA 90211. On January 18, 2013, I served the following documents:

**Plaintiff's Second Amended Complaint**

On the parties listed below:

Mark Ellis
Andrew M. Steinheimer
Grant Winter
Ellis Law Group, LLP
Attorneys for Defendant

By the following means of service:

[X]   **BY ELECTRONIC CASE FILING:** I filed the submitted the document listed above via the court's Electronic Case Filing (ECF) system which provides electronic mail (email) service of the listed document directly to the party listed above to his/her "email address of record."

[X]   **STATE:** I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on January 18, 2013, at Beverly Hills, California.

By: /s/ Todd M. Friedman
Todd M. Friedman